IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS D. GOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 1:14-277 |
| v. | ) |
| | ) |
| METZ LEWIS LAW FIRM, LLC, ET AL, | ) |
| STEVEN PETRIKIS, ESQ., SUSAN | ) |
| SMOLLIN, MICHAEL P. ROBIC, II, ESQ., | ) |
| LEROY L. METZ, II, ESQ., JOHN R. FREY, | ) |
| ELAINE H. FREY, G. ROBERT FREY a/k/a | ) |
| JACK CARTER, SUE M. FREY, ROBIN | ) |
| SUE MILLER, & JAMES K. MILLER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

**I.    BACKGROUND**

On November 3, 2014, *pro se* plaintiff Dennis Gold filed the above-captioned matter. On January 8, 2015, it was transferred to the undersigned. Along with the instant case, Plaintiff has one other currently pending in front of the Court, Civil Action No. 1:14-40 (the "14-40 Action"). In that case, Plaintiff sued all ten of the Defendants in this action as well as one other. From the Court's review of the two cases, the only other distinction between these actions is that Plaintiff filed the 14-40 Action as a patent action and the instant one as a Personal Property Damage action and as being related to the 14-40 Action. Of note, the currently-operative complaints in each action are identical. (*Compare* CA 1:14-40 Docket No. 30 *with* CA 1:14-277 Docket No. 1). It is with that in mind that

1

the Court issues this Order, *sua sponte*.[1]

## II. JURISDICTION

The Defendants in the 14-40 Action filed Motions to Dismiss that action and, through those filings, alerted the Court to the jurisdictional deficiencies in Plaintiff's pleadings there. The Court granted the Defendants' Motions to Dismiss under FED. R. CIV. P. 12(b)(6) earlier today. *Gold v. Metz Lewis*, Civ. No. 1:14-40 at Docket No. [45]. That Memorandum Order is incorporated herein. As the Complaint in this action is identical to the dismissed Second Amended Complaint in the 14-40 Action, the Court believes it is in the interest of judicial economy to likewise dismiss this action, even before service of process.

While a Plaintiff, particularly a *pro se* Plaintiff, is generally granted an opportunity to amend his complaint before dismissal, the Court feels that is not necessary in this case, as Plaintiff has twice amended his Complaint in the 14-40 Action. And, as noted, the operative complaint in the 14-40 action is, word-for-word, identical to the Complaint in this action, save the omission of one defendant.

Accordingly, and for the same reasons outlined in the Memorandum Order dismissing the 14-40 Action, the Court finds that Plaintiff has not alleged facts sufficient to confer subject matter jurisdiction.

## III. CONCLUSION

AND NOW, this 15th day of January, 2015, IT IS HEREBY ORDERED that, for the foregoing reasons, the above captioned matter is DISMISSED, without prejudice to the parties'

---

[1] The Court additionally notes its authority pursuant to FED. R. CIV. P. 41(b) in issuing this order.

right to fully litigate this matter in the appropriate state court. The Clerk of Court is directed to mark this case CLOSED.

*s/Nora Barry Fischer*
United States District Judge

cc: All counsel of record

    Dennis D. Gold, *pro se*
    215 Big Oak Dr.
    Franklin, PA 16323
    (first class and certified mail).